LAW OFFICES
WILLIAMS & CONNOLLY LLP®

LISA S. BLATT
(202) 434-5050
lblatt@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 7, 2025

Via Electronic Case Filing

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

  Re: *Starbucks Corp. v. NLRB* (5th Cir. No. 24-60649)

Dear Mr. Cayce:

  Pursuant to Federal Rule of Appellate Procedure 28(j), Petitioner Starbucks Corp. cites this Court's recent precedential decision in *Hiran Management, Inc. v. NLRB*, No. 24-60608 (5th Cir. Oct. 31, 2025) (enclosed), which held that *Thryv* remedies exceed the NLRB's authority under NLRA Section 10(c).[1] That decision resolves the *Thryv* issue in this case in Starbucks' favor.

  In *Hiran Management,* this Court denied enforcement of the Board's so-called "*Thryv* remedy." *Thryv* remedies require employers to compensate unlawfully terminated employees for any "direct or foreseeable pecuniary harms." Slip op. 11-12. In a detailed analysis, the Court explained that the "NLRA limits the NLRB to ordering certain equitable remedies" like "[r]einstatement and backpay." Slip op. 8. *Thryv* remedies are "compensatory damages" because they aim "to redress concrete losses to the Employees wholly apart from backpay and pay-related costs." Slip op. 13. Such damages are a form of "legal, not equitable" relief. Slip op. 13. Because "the NLRA affords a complainant only equitable damages," this Court concluded that *Thryv* remedies exceed "the NLRB's authority under the NLRA." Slip op. 14.

  The Board ordered the same *Thryv* remedy here that it did in *Hiran Management*, and Starbucks has challenged the remedy as exceeding the NLRB's authority. Starbucks

---

[1] On November 5, 2025, the Sixth Circuit became the third circuit to hold that *Thryv* remedies exceed the Board's "remedial authority provided in 10(c) of the NLRA." *NLRB v. Starbucks Corp.*, No. 23-1767, at 6 (6th Cir. Nov. 5, 2025); *see also NLRB v. Starbucks Corp.*, 125 F.4th 78, 94 (3d Cir. 2024).

WILLIAMS & CONNOLLY LLP
November 7, 2025
Page 2

Br. 54-55.  If this Court reaches the *Thryv* issue, it should deny enforcement in part for the same reasons.

    Respectfully submitted,

    /s/ *Lisa S. Blatt*

    Lisa S. Blatt

cc: counsel of record (via ECF)