

United States Government

NATIONAL LABOR RELATIONS BOARD

OFFICE OF THE GENERAL COUNSEL

Washington, DC 20570

March 12, 2026

Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, LA 70130

      Re: *Starbucks Corp. v. NLRB*, 5th Cir. No. 24-60649
          Oral Argument Held February 2, 2026

Dear Mr. Cayce,

      Pursuant to Rule 28(j), the National Labor Relations Board calls the Court's attention to *Trader Joe's Co. v. NLRB*, 2026 WL 456920 (5th Cir. 2026).  In *Trader Joe's*, the Court confirmed that, to make out its affirmative defense under *Wright Line*, an employer must prove "that it *would have*—not merely that it *could have*—taken the same disciplinary measures absent [employees'] protected conduct." 2026 WL 456920, at *16; (NLRB Br. 26.)

      *Trader Joe's* also demonstrates that Section 10(e) of the National Labor Relations Act bars consideration of Starbucks' challenge to the *Thryv* remedy. (NLRB Br. 43-45.)  The Court held that Trader Joe's failure to object to *Thryv* before the Board meant that the Court "lack[ed] jurisdiction" to consider such objections for the first time on appeal.  2026 WL 456920, at *16-17.  Like Trader Joe's, Starbucks did not challenge *Thryv* before the Board.

      *Trader Joe's* also rejected the same arguments against application of Section 10(e) that Starbucks raises here.  Like Starbucks (Br. 61-63), Trader Joe's argued

that objecting to *Thryv* before the Board "would have been futile" and the remedy was "obviously beyond the Board's authority." 2026 WL 456920, at *18. The Court rejected futility because "the legal arguments addressing the *Thryv* remedy" that Trader Joe's raised on appeal "were available when it filed its written exceptions" to the Board. *Id.* Next, the Court held that, because "[t]he circuits are split regarding application of the *Thryv* remedy …, the NLRB's decision to award it here is not 'obviously beyond the Board's authority.'" *Id.* That was so notwithstanding the Court's rejection of *Thryv* in *Hiran Management, Inc. v. NLRB*, 157 F.4th 719 (5th Cir. 2025), because "*Hiran* neither suggests that the Board's *Thryv* remedy is 'obviously beyond the Board's authority' nor diminishes the continued existence of a circuit split." 2026 WL 456920, at *18 n.18; *see also PG Publ'g Co. v. NLRB*, 2025 WL 3142083, at *5 (3d Cir. 2025) (finding Section 10(e) barred *Thryv* challenge notwithstanding in-circuit precedent rejecting *Thryv*). Both holdings apply to Starbucks' belated challenge to the *Thryv* remedy, which should meet the same fate as Trader Joe's.

          Very truly yours,

          s/Ruth E. Burdick
          Ruth E. Burdick
          Deputy Associate General Counsel
          National Labor Relations Board
          1015 Half Street SE
          Washington, DC 20570

cc: all counsel (via CM/ECF)