LAW OFFICES

## WILLIAMS & CONNOLLY LLP®

LISA S. BLATT
(202) 434-5050
lblatt@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 25, 2026

<u>Via Electronic Case Filing</u>

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

Re:   *Starbucks Corp. v. NLRB* (5th Cir. No. 24-60649)

Dear Mr. Cayce:

Starbucks responds to the General Counsel's Rule 28(j) letter regarding *Trader Joe's Co. v. NLRB*, 167 F.4th 766 (5th Cir. 2026).  *Trader Joe's* has no impact here.

First, *Trader Joe's* recitation of the *Wright Line* standard says nothing about the Board's conclusion in *this* case.  *Trader Joe's* declined to address whether the employer demonstrated it would have disciplined an employee for calling a coworker a "selfish b*tch" because the employer failed to raise that argument in its opening brief.  *Id.* at 784 n.13. Starbucks has consistently argued it would have disciplined any employee who engaged in Schenk's far more egregious misconduct.  Starbucks Br. 31-34; Reply 7-10.  The other errors requiring vacatur here—including the Board's unexplained rejection of the ALJ's credibility findings—are likewise absent from *Trader Joe's*.

Second, as to the *Thryv* remedy, unlike in *Trader Joe's*, the Board in this case expressly reaffirmed *Thryv*.  RE10 n.47.  That reaffirmation rendered a motion for reconsideration futile, *Indep. Elec. Contractors of Houston, Inc. v. NLRB*, 720 F.3d 543, 551 (5th Cir. 2013), and futility constitutes an extraordinary circumstance permitting appellate review, *Harvard Maintenance, Inc. v. NLRB*, 165 F.4th 886, 897 (5th Cir. 2026).

*Trader Joe's* independently is inapplicable because it conflicts with *Harvard Maintenance*. *Trader Joe's* found no extraordinary circumstances because the petitioner's objection to the *Thryv* remedy was available "from the outset."  167 F.4th at 791.  In contrast, *Harvard Maintenance* found extraordinary circumstances despite the theoretical

WILLIAMS & CONNOLLY LLP®
March 25, 2026
Page 2

availability of the same objection because the Board had already rejected those objections multiple times. 165 F.4th at 897. Because the two decisions conflict, the earlier one— *Harvard Maintenance*—controls. *United States v. Walker*, 302 F.3d 322, 325 (5th Cir. 2002).

Finally, even setting aside *Harvard Maintenance*, Starbucks raises a constitutional challenge to *Thryv* that *Trader Joe's* did not. Starbucks Br. 59-60. *Trader Joe's* acknowledged that courts retain jurisdiction to consider unexhausted challenges when the remedy is "obviously beyond the Board's authority." 167 F.4th at 791. The Court held otherwise due to a circuit split on the *statutory* legality of *Thryv*. *Id.* No such split exists on the *constitutional* question.

Respectfully submitted,

/s/ Lisa S. Blatt

Lisa S. Blatt

cc: counsel of record (via ECF)